IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA    RECEIVED

2007 OCT 11  A 10: 24

DEBRA P. HACKETT, CLK

MARRLINA BOLDEN,                        *
                                        *
        Plaintiff                       *
                                        *
vs.                                     *    CASE NO.: 3:07-CV-917-SRW
                                        *
DALE CUNNINGHAM, GREYHOUND              *    FROM THE CIRCUIT COURT OF
LINES, INC.                             *    RUSSELL COUNTY, ALABAMA
                                        *    CV-07-224
        Defendants                      *


TO:    THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF ALABAMA:


## NOTICE OF REMOVAL

COMES NOW the Defendant Greyhound Lines, Inc., and gives notice that this cause is hereby removed from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama. For its Notice of Removal, Greyhound Lines, Inc. shows unto this Court as follows:

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

## I. RELEVANT PROCEDURAL FACTS

2.    Plaintiff Marrlina Bolden  initiated this suit in the Circuit Court of Russell County, Alabama against Greyhound Lines, Inc. and Dale Cunningham. The case was assigned case number CV-07-224. Plaintiff effected service of the Complaint by certified mail upon Greyhound Lines, Inc. on September 24, 2007. No service has been effected on Defendant Dale Cunningham . This notice is filed in the United States District Court for

the Middle District of Alabama, within the time allowed by law for the removal of civil actions to the United States District Court. The documents attached hereto as Exhibit "A" constitute all the process, pleadings and orders served upon Greyhound Lines, Inc. in this action.

3.    Plaintiff alleges she has suffered substantial damages in that she has suffered personal injuries and was caused to undergo medical treatment and/or incur medical expenses for the treatment of said injuries. She further alleges she may be caused to incur future medical expenses in the care and treatment of injuries allegedly suffered in this accident. Additionally, Plaintiff alleges she suffered pain and suffering and loss of wages and earning capacity as a result of this accident. (Paragraph 8 of Plaintiff's Complaint, Exhibit A).

4.    This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the properly joined parties in this cause and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## II. THE CITIZENSHIP OF THE PARTIES

5.    The Plaintiff is at the time of the institution of this civil action, a citizen and resident of the State of Louisiana and/or is not a citizen of the State of Delaware or the State of Texas. Defendant Dale Cunningham is at the time of the institution of this civil action, a citizen of the State of Georgia. Greyhound Lines, Inc. is and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in Dallas, Texas. Greyhound Lines, Inc. is not now, and was not at the time of the filing of the Complaint, a

2

citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

### III. **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

6.    Plaintiff seeks compensatory and punitive damages alleging a tortious injury against the Defendant Greyhound Lines, Inc. by virtue of a bus accident involving a Greyhound Lines, Inc. bus on which the Plaintiff was allegedly a passenger. Plaintiff alleges that Defendant Greyhound Lines, Inc. negligently entrusted said bus to Defendant Dale Cunningham; that Defendant Greyhound Lines, Inc. negligently hired and supervised Defendant Dale Cunningham; that Defendant Dale Cunningham was negligent and/or wanton in the operation of the bus while acting in the scope of employment for Defendant Greyhound Lines, Inc. and as a proximate result thereof, Plaintiff suffered damages compensatory and punitive damages are claimed of both Defendants.

7.    Although the *ad damnum* in Plaintiff's Complaint does not specify an amount, it is sufficient to establish diversity jurisdiction if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. *See Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310 (7th Cir. 1970). The time to ascertain whether the jurisdictional amount exists is the time the Notice of Removal is filed. *See Ellis v. Logan Co.,* 543 F.Supp. 586 (W.D. Ky. 1982).

8.    In diversity actions, state law governs substantive issues. *See Caster v. Hennessey*, 781 F.2d 1569 (11th Cir. 1986). As noticed above, it is well settled in numerous cases under Alabama law, that the Plaintiff's claims reasonably involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

3

9.    Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g. Tapscott,* 77 F.3d at 1359 (11th Cir. 1996) (when Plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987) ("when determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Company,* 486 F. Supp. 175, 177 (N.D. Ga. 1980) ("it is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") *citing Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S. Ct. 5 (1943).

## IV.  **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

10.    A true copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Russell County, Alabama as required by 28 U.S.C. § 1446(d).  If any question arises as to the propriety of the removal of this action, Greyhound Lines, Inc. requests the opportunity to present a brief and oral argument in support of its position that this cause is removable and to conduct removal related discovery as appropriate. *See Williams v. Best Buy Co., Inc.*, 2001 WL 1244759 (11th Cir. 2001).

WHEREFORE, Defendant Greyhound Lines, Inc., desiring to remove this cause to the United States District Court for the Middle District of Alabama, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Russell County, Alabama, shall effect the removal of said suit to this Court.

Respectfully Submitted,

DONALD F. PIERCE    (PIERD9277)
JOHN C.S. PIERCE    (PIERJ0347)
D. KIRBY HOWARD (HOWD3177)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama  36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

5

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

William J. Benton, Jr., Esq.
P. O. Box 2850
Phenix City, AL 36867

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Done this 10 day of October, 2007.

COUNSEL

cc:    Kathy Coulter, Clerk
       Circuit Court of Russell County, Alabama

6

PLAINTIFF'S
EXHIBIT

A

PENGAD-Bayonne, N. J

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/89 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>C V 2007 224 - <br>Date of Filing:   Judge Code:<br>09 20 2007 JO#0172<br>Month   Day   Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF **RUSSELL**, ALABAMA
*(Name of County)*

**MARRLINA BOLDEN**   v.   **DALE CUNNING, GREYHOUND LINES, INC.**

| First Plaintiff | Plaintiff | First Defendant | Defendant |
|---|---|---|---|
| | ☐ Business   ☑ Individual | | ☑ Business   ☑ Individual |
| | ☐ Government   ☐ Other | | ☐ Government   ☐ Other |

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*   F ☑ INITIAL FILING   A ☐ APPEAL FROM   O ☐ OTHER:
DISTRICT COURT
R ☐ REMANDED   T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
B E N 0 1 8   September 19, 2007
Date

*William F. Prestwood*
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☐ NO ☑ UNDECIDED

FILED IN OFFICE
2007 SEP 20 AM 11:46
CIRCUIT COURT OF
RUSSELL CO.

AVSO300

ALABAMA JUDICIAL DATA CENTER
RUSSELL          COUNTY

SUMMONS

CV 2007 000224.00
ALBERT L. JOHNSON

```
|---------------------------------------------------------------------------|
|              IN THE CIRCUIT COURT OF RUSSELL        COUNTY                 |
|                                                                           |
| MARRLINA BOLDEN  VS  DALE CUNNINGHAM, GREYHOUND LINES, INC. ET AL          |
|                                                                           |
|       SERVE ON: (D002)                                                    |
|                                                                           |
|                                         PLAINTIFF`S ATTORNEY              |
|                                                                           |
|       GREYHOUND LINES INC                BENTON WILLIAM J JR               |
|       % THE CORPORATION COMPANY          1214 7TH AVENUE                   |
|       2000 INTERS PK DR STE 204          POST OFFICE BOX 2850              |
|       MONTGOMERY   ,AL  36109-0000       PHENIX CITY   ,AL  36867-2850     |
|---------------------------------------------------------------------------|
| TO THE ABOVE NAMED DEFENDANT:                                             |
|                                                                           |
|   THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST|
| TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE     |
| REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER        |
| ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS    |
| ATTORNEY(S) SHOWN ABOVE OR ATTACHED:                                      |
|                                                                           |
|   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS|
| AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE       |
| ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT|
| YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.       |
|---------------------------------------------------------------------------|
|                                                                           |
|   ( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR|
|        4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE;     |
|        YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE     |
|        COMPLAINT IN THIS ACTION UPON DEFENDANT.                            |
|                                                                           |
|   (X)  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE|
|        WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)    |
|        OF THE ALABAMA RULES OF CIVIL PROCEDURE.                            |
|                                                                           |
| DATE: 09/21/2007                   CLERK:KATHY COULTER          BY:        |
|                                          PO BOX 518                        |
|                                          PHENIX CITY  AL  36868-0518       |
|                                          (334)298-0516                     |
|                                                                           |
|---------------------------------------------------------------------------|
|                                                                           |
|    RETURN ON SERVICE:                                                     |
|                                                                           |
|   ( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____   |
|        (RETURN RECEIPT HERETO ATTACHED)                                   |
|                                                                           |
|   ( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND      |
|                                                                           |
|        COMPLAINT TO _____        |
|                                                                           |
|        IN _____ COUNTY, ALABAMA ON (DATE) _____       |
|                                                                           |
| _____          _____             |
| DATE                                SERVER SIGNATURE                       |
|                                                                           |
| _____          _____             |
| SERVER ADDRESS                      TYPE OF PROCESS SERVER                 |
|                                                                           |
|---------------------------------------------------------------------------|
```
OPERATOR: JBC
PREPARED: 09/21/2007

IN THE CIRCUIT COURT OF RUSSELL COUNTY,
STATE OF ALABAMA

| | | |
|---|---|---|
| MARRLINA BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CU-07-224 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE CUNNINGHAM, GREYHOUND | ) | DEMAND FOR JURY TRIAL |
| LINES, INC., and A, B and C, | ) | |
| being the person, firm or corporation | ) | |
| who was the owner of the vehicle | ) | |
| being operated by DALE | ) | |
| CUNNINGHAM as described in | ) | |
| Plaintiff's Complaint below, whose | ) | |
| true and correct legal identity is | ) | |
| presently unknown to Plaintiff but | ) | |
| which will be substituted by | ) | |
| amendment when ascertained, and | ) | |
| D, E and F, being a person, firm, or | ) | |
| corporation who was the employer | ) | |
| and/or principal of DALE | ) | |
| CUNNINGHAM, described in | ) | |
| Plaintiff's Complaint below, whose | ) | |
| true and correct legal identity is | ) | |
| presently unknown to Plaintiff but | ) | |
| which will be substituted by | ) | |
| amendment when ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### Negligence and/or Wantonness

1.      On or about October 3, 2005, Marrlina Bolden was over 19 years of age and resided at 200 Thomas Street, Franklin, Louisiana 70538. On said date and at all times during the event which is the basis of this lawsuit Marrlina Bolden was a commercial invitee of Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B and C who were transporting the Plaintiff in its vehicle under the operation of its driver, Defendant Dale Cunningham for which it was deriving a commercial benefit.

2.   On or about October 3, 2005, Dale Cunningham was over the age of 19 and resided at 517 Fond Du Lac Drive, Stone Mountain, Georgia 30088.

3.   On or about October 3, 2005, Greyhound Lines, Inc. was a corporation doing business in the State of Alabama with its main office located at 15110 Dallas Parkway, Dallas, Texas.

4.   On or about October 3, 2005, Defendant Dale Cunningham (hereinafter referred to as "Cunningham") was operating a 1996 MCI bus on U.S. Highway 280/431 at or near the intersection US Highway 80. Said motor vehicle belonged to Greyhound Lines, Inc. and/or fictitious party Defendants A, B and C, whose true and correct legal identity is presently unknown to Plaintiff but will be substituted by amendment when ascertained. Defendant Cunningham was operating said motor vehicle on October 3, 2005 with the knowledge, consent and permission of Defendant Greyhound Lines, Inc. and fictitious party Defendants A, B and C.

5.   On or about October 3, 2005, Defendant Cunningham was the agent, servant and employee for purposes of operation of the 1996 MCI bus which belonged to Greyhound Lines, Inc. and/or fictitious party Defendant D, E and F.

6.   On or about October 3, 2005, Defendant Cunningham and/or fictitious party Defendant A, B, C, D, E and F was deriving commercial benefit from Defendant Cunningham's operation of the 1996 MCI motor vehicle.

7.   On or about October 3, 2005, upon a public highway to wit: U.S. Highway 280/431 in Russell County, Alabama, Defendant Cunningham negligently and/or wantonly caused or allowed the vehicle he was operating to collide with a 2003 Mac Tractor Trailer vehicle owned by McElroy Truck Lines, Inc. and operated by Marshal Wayne Walters. The negligence and/or wantonness of Defendant Cunningham at said time, place and occasion is imputed to Defendant Greyhound Lines, Inc. and fictitious party Defendants A, B, C, D, E and F.

8.   That as a proximate consequence of the aforesaid negligence and/or wantonness, Plaintiff Marrlina Bolden was caused to suffer the following injuries and/or damages:

> Her body was injured, her cervical and lumbar spine were injured. She suffered damage to her rotator cuff. She suffered damage to her knees. She was caused to undergo medical treatment and/or incur medical expenses for the treatment of these injuries. She may be caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff may be caused to suffer future pain and suffering as a proximate consequence of the trauma that

Page 2 of 5

resulted from this collision. Further, Plaintiff has suffered loss
of wages and earning capacity as a result of this accident and
other damages to be shown at the time of trial of this case.

WHEREFORE, Plaintiff Marrlina Bolden demands judgment against Defendants

Dale Cunningham, Greyhound Lines, Inc. and fictitious party Defendants A, B, C, D, E and

F both jointly and severally in an amount to be determined by a jury representing both

compensatory and punitive damages, plus costs.

### COUNT TWO

### Negligent Entrustment

9.  Plaintiff Marrlina Bolden re-alleges all allegations contained in Count One of this
    Complaint as if specifically set out herein.

10. On or about October 3, 2005, Defendant Greyhound Lines, Inc. and/or fictitious
    party Defendants A, B, C, D, E and F negligently entrusted a 1996 MCI motor
    vehicle to Defendant Cunningham. Defendant Cunningham was incompetent to
    operate a motor vehicle on the streets and highways of the State of Alabama.
    Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E
    and F knew or should have known that Defendant Cunningham was incompetent
    to operate a motor vehicle on the streets and highways of the State of Alabama.

11. As a proximate consequence of Greyhound Lines, Inc. and/or fictitious party
    Defendants A, B, C, D, E and F's negligent entrustment, Plaintiff Marrlina Bolden
    was caused to suffer the following damages and injuries:

    Her body was injured, her cervical and lumbar spine were
    injured. She suffered damage to her rotator cuff. She suffered
    damage to her knees. She was caused to undergo medical
    treatment and/or incur medical expenses for the treatment of
    these injuries. She may be caused to incur future medical
    expenses in the care and treatment of the injuries suffered in
    this accident. Plaintiff may be caused to suffer future pain and
    suffering as a proximate consequence of the trauma that
    resulted from this collision. Further, Plaintiff has suffered loss
    of wages and earning capacity as a result of this accident and
    other damages to be shown at the time of trial of this case.

Page 3 of 5

WHEREFORE, Plaintiff Marrlina Bolden demands judgment against Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F both jointly and severally in a sum to be determined by a jury representing compensatory and punitive damages plus costs.

## COUNT THREE

### Negligent Hiring and Supervision

12.    Plaintiff Marrlina Bolden re-alleges all allegations contained in Count One and Count Two of this Complaint by reference as if specifically set out herein.

13.    Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F negligently and/or wantonly hired, trained and supervised Defendant Cunningham.

14.    As a direct proximate result of the negligence and/or wantonness of Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F, Plaintiff Marrlina Bolden suffered the following damages and injuries:

> Her body was injured, her cervical and lumbar spine were injured. She suffered damage to her rotator cuff. She suffered damage to her knees. She was caused to undergo medical treatment and/or incur medical expenses for the treatment of these injuries. She may be caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff may be caused to suffer future pain and suffering as a proximate consequence of the trauma that resulted from this collision. Further, Plaintiff has suffered loss of wages and earning capacity as a result of this accident and other damages to be shown at the time of trial of this case.

WHEREFORE, Plaintiff Marrlina Bolden demands judgment against Defendant Greyhound Lines, Inc. and/or fictitious party Defendants A, B, C, D, E and F both jointly and severally in a sum to be determined by a jury representing compensatory and punitive damages plus costs.

Respectfully submitted this /9 day of September, 2007.

William J. Benton, Jr. (BEN.018)
Attorney for Plaintiff
1214 7th Ave., P.O. Box 2850
Phenix City, AL 36867-2850
(334) 297-6534

Plaintiff demands trial by struck jury.

William J. Benton, Jr.

**All Defendants to be served via
certified mail as follows:**

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Greyhound Lines, Inc.
C/o Its Registered Agent, The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Greyhound Lines, Inc.
Post Office Box 660362
Dallas, Texas 75266-0362

FILED IN OFFICE
2007 SEP 20 AM 11: 51
CIRCUIT/DIST. COURT
RUSSELL CO.

IN THE CIRCUIT COURT OF RUSSELL COUNTY,
STATE OF ALABAMA

| | | |
|---|---|---|
| MARRLINA BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CV-07-224 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE CUNNINGHAM, GREYHOUND | ) | |
| LINES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

**COMES NOW** the Plaintiff in the above-styled cause, and pursuant to Rule 5(b) of

the Alabama Rules of Civil Procedure shows unto the Court the Notice of Filing of the

following documents on the Defendants:

1. Plaintiff's First Interrogatories to Defendant Greyhound Lines, Inc.
2. Plaintiff's First Interrogatories to Defendant Dale Cunningham.
3. Plaintiff's First Request for Production to Defendant Greyhound Lines, Inc.

Respectfully submitted this _19_ day of September, 2007.

William J. Benton, Jr.    (BEN.018)
Attorney for Plaintiff
P.O. Box 2850
Phenix City, AL 36867
(334) 297-6534

FILED IN OFFICE
2007 SEP 20 AM 11:51
CIRCUIT/DIST. COURT
RUSSELL CO. AL

Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following attorneys of record by placing a copy of the same in a U.S. Mail depository, with sufficient postage affixed thereto to ensure delivery, addressed as follows:

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Greyhound Lines, Inc.
C/o Its Registered Agent, The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Greyhound Lines, Inc.
Post Office Box 660362
Dallas, Texas 75266-0362

Done this _19_ day of September, 2007.

William J. Benton, Jr.

IN THE CIRCUIT COURT OF RUSSELL COUNTY,
STATE OF ALABAMA

| | | |
|---|---|---|
| MARRLINA BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. $\underline{CV-07-224}$ |
| | ) | |
| v. | ) | |
| | ) | |
| DALE CUNNINGHAM, GREYHOUND | ) | |
| LINES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' FIRST INTERROGATORIES TO
DEFENDANT GREYHOUND LINES, INC.

COMES NOW the Plaintiff, Marrlina Bolden, and, pursuant to Alabama Rules of Civil

Procedure, propound the following Interrogatories to Defendant Greyhound Lines, Inc.:

INSTRUCTIONS

These Interrogatories shall be deemed continuing and you are required to

supplement or amend any prior response if the person or entity to whom these

Interrogatories are addressed ascertains any change, different or added fact, condition or

circumstances, or there be any other witness(es) or evidence. Each Interrogatory is

addressed to the personal knowledge of the Defendant, as well as to the knowledge and

information of Defendant's attorneys, investigators, agents, employees, and other

representatives. If Defendant is unable to answer a question completely, the question

should be answered as fully as possible. When a question is directed to Defendant, the

question is also directed to each of the aforementioned persons.

DEFINITIONS

As used herein, the terms listed below are defined as follows:

Page 1 of 10

1.    "<u>Document</u>" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, letters, correspondence, memoranda, notes, work papers, charts, reports, ledgers, drawings, plans, specifications, contracts, photographs, tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes, or statistical calculations and shall include, but shall not be limited to, any written, printed, typed or other graphic matter of any kind or nature, all mechanical, magnetic, and electronic sound recordings or transcripts thereof, all within any data storage modules, tapes, discs or other memory devices (including IBM, punched or similar cards for information, data and programs), or other information retrieval storage systems (including computer-generated reports and printouts) in the possession and/or control of you and/or your counsel or agents, or known by you to exist. It shall also mean all drafts and/or copies of documents by whatever means made.

2.    "<u>Person</u>" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.    "<u>Occurrence</u>" or "<u>Incident</u>" refers to the alleged collision made the basis of Plaintiffs' Complaint.

4.    (a)    "<u>Identify</u>" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the full name, home address (or last known address), telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

Page 2 of 10

(b)    "Identify" with respect to any business organization or entity other than an individual means to state the full name, principal business address, and nature of the organization (e.g., corporation, partnership, etc.).

(c)    "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, type of document (e.g., letter, inter-office memo, etc.), number of pages of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.    The term "related", "relating" and/or "in relation to" shall mean referring to, or having any relationship with whatsoever, or regarding or pertaining to, or comprising, or indicating or constituting evidence of, in whole or in part.

6.    As used herein, the singular shall always include the plural, and the present tense shall always include the past tense.

7.    As used herein, "and" as well as "or" shall be construed both disjunctively and conjunctively in order to bring within the scope of these interrogatories all responses which might otherwise be construed to be outside their scope.

8.    As used herein, "you" and "your" shall mean all Defendants.

## INTERROGATORIES

1.    State the name and addresses of the following officers and employees of this

Defendant: Owner or President; Manager or Treasurer; safety officer; and all persons who have investigated or discussed the collision made the subject of Plaintiffs' Complaint.

2. Please state the date of formation or incorporation, state of incorporation, and list the addresses of the principal places of business of this Defendant.

3. State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant for the claims made in this lawsuit:

    (a) Name and address of each insurance company issuing policy;

    (b) Applicable liability limits concerning each policy;

    (c) Names of all persons and/or companies insured under each policy;

    (d) Policy number of each policy;

    (e) Types of insurance coverage carried.

4. List the name and address of every organization, association, council, or group by any other name to which this Defendant presently belongs in the trucking or transportation industry and/or to which the Defendant has paid membership dues within the five (5) years prior to the subject occurrence.

5. State whether or not this Defendant admits that the driver of its bus, Dale Cunningham, negligently caused the subject occurrence. If your answer is in the negative, please explain the basis for contesting liability.

6. State whether or not you contend that MCI and/or any component part manufacturer is responsible or liable for any malfunction of the bus which caused or contributed to this collision. If you contend that MCI or any other component part manufacturer is responsible or liable, please state the name of the company you contend is

Page 4 of 10

responsible, the business address of such company, and the reason you contend such company is responsible or liable.

7.  Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability or damages in this case. Please include a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.)

8.  Please state whether any of the above witnesses gave any statement or account, either orally, in writing or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness giving such statement and provide an explanation of the type statement given (oral, written, recorded, etc.). Also, identify the taker and present custodian of such statement.

9.  Please explain the nature of the employment relationship between the driver of the bus involved in this collision and this Defendant, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

10. With respect to the driver of the bus involved in this occurrence, please state the following:

(a)  Date of birth;

(b)  Social security number;

(c)  Driver's license number and state of issuance; and

(d)  Present home address.

Page 5 of 10

11.   Please identify the following individuals as of the date of the occurrence and at present:

    (a)   Person responsible for the inspection, maintenance, and repair of this Defendant's buss;

    (b)   Safety director for this Defendant;

    (c)   Person responsible for training employees/drivers;

    (d)   Person responsible for interviewing and/or hiring employees/drivers, and specifically driver Dale Cunningham; and

    (e)   Person responsible for supervising driver Dale Cunningham.

12.   Please state whether or not this Defendant, its agents, its attorneys, or its insurers, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant hires or allows to drive its vehicles. If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained. Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the bus involved in the subject occurrence.

13.   Please identify any and all investigators, mechanics, adjusters, claims representatives, and/or experts who have investigated this collision, examined any of the vehicles involved, or who has in any manner investigated the claims made in

this lawsuit on behalf of this Defendant, its attorneys, and/or its insurers.

14.  Please give a detailed history of any inspections, maintenance, and repairs of the bus which was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, and/or repairs, and a description of the inspection or work performed.

15.  Please identify any person that this Defendant expects to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

    (a)  Identify the subject matter of which the person is expected to testify;

    (b)  Identify the substance of the facts and opinions as to which the person is expected to testify;

    (c)  Summarize the grounds for such opinions; and

    (d)  Identify all documents and professional references upon which such person may base his or her testimony and opinions.

16.  As to this Defendant's bus involved in the occurrence, please state the following information:

    (a)  Manufacturer, make, model, year, and Vehicle Identification Number (VIN);

    (b)  Person or entity to whom the bus was titled as of the date of the occurrence and at present;

    (c)  Present location of the bus; and

(d)    Gross vehicle rating of the bus.

17.    Please state whether any inspection of the subject bus was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name of the person performing such inspection.  Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the bus.

18.    Please state whether or not at the time and place of the subject occurrence, Dale Cunningham was an employee/servant of this Defendant acting within the course and scope of his employment for this Defendant.  If your answer to this Interrogatory is in any way in the negative, please also state the facts which support such response, including but not limited to, whether Dale Cunningham was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state what facts support that contention.

19.    Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiffs' injuries. Please supply any statutory authority in support of these contentions.

20.    Please state whether or not this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant

Page 8 of  10

to the occurrence. As to each item, please state the following:

    (a)    The nature of such item;

    (b)    How many of such item exist (for example, 15 photographs);

    (c)    The name, address, and employer of the person making or supplying each item; and

    (d)    The identify of the person who presently possesses such item.

21.    Please state whether or not an accident/incident report was made by this Defendant or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

22.    Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Dale Cunningham, his destination, and from where he left. Please include in this response a listing of each person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

23.    Please identify each person employed by this Defendant or acting on your behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted Plaintiff or Plaintiffs' families from the time of the occurrence up to and including the present date. Also, for each contact or attempted contact, please provide the date, time of day, person contacted, the reason for the contact, the topics discussed, the person who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether or not anything was recorded with or without the knowledge of the person contacted.

Page 9 of 10

24. Please identify all persons who are supplying information to respond to these Interrogatories.

25. Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiffs' Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

William J. Benton, Jr. (BEN.018)
Attorney for Plaintiffs
P.O. Box 2850
Phenix City, AL 36867
(334) 297-6534

IN THE CIRCUIT COURT OF RUSSELL COUNTY,
STATE OF ALABAMA

| | | |
|---|---|---|
| MARRLINA BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. CV-07-224 |
| | ) | |
| v. | ) | |
| | ) | |
| DALE CUNNINGHAM, GREYHOUND | ) | |
| LINES, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS PROPOUNDED TO DEFENDANT
### GREYHOUND LINES, INC. PURSUANT TO RULE 34

**COMES NOW** the Plaintiff, Marrlina Bolden, and, pursuant to Alabama Rules of Civil

Procedure, propound the following Request for Production of Documents to Defendant

Greyhound Lines, Inc.:

1.     Dale Cunningham's application for employment.

2.     The personnel file pertaining to Dale Cunningham.

3.     Any documents relating to the investigation and inquiry into the qualifications
of Dale Cunningham to operate a bus, including but not limited to references,
driving record reports, motor vehicle accident reports, reprimands, criticisms,
or any other information that reflects either positively or negatively upon said
driver's ability to drive a commercial vehicle.

4.     Any and all medical reports, medical tests, alcohol or drug screens, or tests
of any other kind or by any other name performed upon Dale Cunningham
either prior to, subsequent tor, or as a direct result of the collision made the
subject of Plaintiff's Complaint.

5.     Any documents relating to any reviews of the driving record of Dale
Cunningham.

6.     Any documents relating to any traffic violations by Dale Cunningham,

including but not limited to any citation issued as a result of this collision.

7.    A copy of any road test administered to Dale Cunningham.

8.    A copy of the written examination administered to Dale Cunningham.

9.    Any medical examiner's certificate of physical qualifications relating to Dale Cunningham.

10.    All notifications of accident forms prepared by any agent, employee, or officer on behalf of this Defendant or filed with any governmental agency relating to all truck accidents of Dale Cunningham for the five (5) years next preceding this request.

11.    Any and all driver's logs for Dale Cunningham maintained by Defendant Greyhound Lines, Inc. for the period August 3, 2005 through October 3, 2005.

12.    Any and all documents of any kind received by Greyhound Lines, Inc. from any person, corporation or insurer relative to the performance of Dale Cunningham as a truck driver, including but not limited to criticisms, reprimands, infractions, discharges, firings or other commentary concerning Dale Cunningham's work or background as a driver from the time he first drove for this Defendant through the date of this collision, and any such information received concerning the requested subject matter subsequent to said collision.

13.    All inspection, repair, service and maintenance records for the tractor and trailer involved in the wreck described in the Complaint. This Request includes any document, photograph, videotape, or any other report or record of any nature concerning the maintenance, repair and inspection of the subject bus both prior to and after the date of the collision made the subject of Plaintiff's Complaint.

14.    Any and all reports, repair bills, work orders, or other documentation or evidence of any kind which relates to the nature of any mechanical defect f the bus for ninety days preceding the subject collision and thirty days thereafter.

15.    Any and all instruction manual, employee rules and regulations, driver or employee handbook and/ driver manual provided to Dale Cunningham or any other driver employed by Defendant Greyhound Lines, Inc. at any time and used by Defendant Greyhound Lines, Inc. on October 3, 2005.

16.    All payroll records of Dale Cunningham, including but not limited to copies

of paychecks, paycheck stubs, time cards, and/or other documentation of hours or time worked by Dale Cunningham for thirty days preceding this collision and thirty days following said collision.

17.  All gas receipts, charge card receipts, hotel or motel receipts, and restaurant receipts of Dale Cunningham for the one month prior to October 3, 2005.

18.  The bill of sale, title and any other documents relating to ownership of the tractor and trailer involved in the wreck described in the complaint from the date of purchase to the present.

19.  Any documents relating to safety received from Defendant Greyhound Lines, Inc.'s, insurance carrier.

20.  Any inspection reports received from the Defendant's insurance carrier.

21.  Any 1-800-Complaints.

22.  All trip sheets, bills of lading, shipping documents, or any other document of any kind or by any other name which reflect information concerning the trip being made by Dale Cunningham during the 72 hours prior to the wreck described in the complaint, to include documents relevant to said trip from the time the trip originated until the time the trip was to end.

23.  All inspection or pre-inspection reports relating to the tractor and trailer being operated by Dale Cunningham at the time of the subject wreck.

24.  All "30 day inspection reports" for the subject vehicle.

25.  All safety literature, safety programs, safety manuals or other written documents pertaining to safety provided to employees by Defendant Greyhound Lines, Inc.

26.  Each and every liability insurance policy which may provide coverage to Defendant Greyhound Lines, Inc., for the accident referred to in the complaint. This Request expressly includes primary insurance coverage, excess insurance coverage, umbrella insurance coverage, personal insurance coverage, business insurance coverage, or any other type of liability insurance coverage.

27.  Any and all witness statements obtained from any person regarding any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to the issues of liability or damages. This Request specifically includes any report or statement concerning this collision prepared by or on behalf of Dale Cunningham and provided to this Defendant, the police, any insurer, or any other person.

28.   Any and all photographs, still or motion pictures, videotapes, plans, drawings, blueprints, sketches, diagrams, computer simulations, or other photographic or demonstrative evidence concerning the subject collision and/or concerning any of the issues relevant to this lawsuit, including but not limited to the issues of liability and damages.

29.   Any and all reports or opinions received from any expert witness who has investigated any issue relevant to the subject collision and/or relevant to this lawsuit. In addition, please produce all materials relied upon by each such expert in formulating their opinions and conclusions.

30.   A copy of this Defendant's financial statements and accounting schedules for calendar year 2005 through the present that accurately reflect this Defendant's total assets, total liabilities and net worth.


Respectfully submitted,


William J. Benton, Jr.   (BEN.018)
Attorney for Plaintiffs
P. O. Box 2850
Phenix City, AL.  36868-2850
(334) 297-6534



## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following attorneys of record by placing a copy of the same in a U.S. Mail depository, with sufficient postage affixed thereto to ensure delivery, addressed as follows:

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Greyhound Lines, Inc.
C/o Its Registered Agent, The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Greyhound Lines, Inc.
Post Office Box 660362
Dallas, Texas 75266-0362

Done this _19_ day of September, 2007.

William J. Benton, Jr.







Kathy Coulter, Clerk
Circuit Court of Russell County
Post Office Box 518
Phenix City, Alabama 36868

Greyhound Lines, Inc.
C/o Its Registered Agent, The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109



CERTIFIED MAIL

7004 2890 0001 4554 1899

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

MARRLINA BOLDEN,                        *
                                        *
        Plaintiff                       *
                                        *
vs.                                     *     CASE NO.: CV-07-224
                                        *
DALE CUNNINGHAM, GREYHOUND              *
                                        *
        Defendants                      *


## NOTICE TO CIRCUIT COURT OF RUSSELL COUNTY OF REMOVAL

TO:    Kathy Coulter, Clerk
       Circuit Court of Russell County
       Russell County Courthouse
       Phenix City, AL 36868-0518

There is hereby filed with you a copy of the Notice of Removal of Greyhound Lines, Inc. in the case styled *Marrlina Bolden v. Dale Cunningham, et al.*, Civil Action No. CV-07-224, designed to remove that action to the United States District Court for the Middle District of Alabama.  The Notice of Removal was filed in the United States District Court for the Middle District of Alabama on the 10th day of October, 2007.

Written notice of the filing of said Notice of Removal was given to the attorney of record for Plaintiff herein by service effective October 10, 2007, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Russell County, Alabama, effects removal of said cause to the United States District Court.

Respectfully Submitted,

_Donald F. Pierce_

DONALD F. PIERCE    (PIE004)
JOHN C.S. PIERCE    (PIE009)
D. KIRBY HOWARD (HOW071)
Attorneys for Greyhound Lines, Inc.

OF COUNSEL:

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLC
Post Office Box 16328
Mobile, Alabama  36616
(251) 338-3801 - telephone
(251) 338-3805 - facsimile

### CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk of the Court and mailed by United States Postal Service, first class postage prepaid to the following:

William J. Benton, Jr., Esq.
P. O. Box 2850
Phenix City, AL 36867

Dale Cunningham
517 Fond Du Lac Drive
Stone Mountain, Georgia 30088

Done this 9th day of October, 2007.

_Donald F. Pierce_

COUNSEL

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000711
Cashier ID: kalandra
Transaction Date: 10/11/2007
Payer Name: BUTLER PAPPAS WEIHMULLER ET AL
----------------------------------
CIVIL FILING FEE
 For: BUTLER PAPPAS WEIHMULLER ET AL
 Case/Party: D-ALM-3-07-CV-000917-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 371721
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

MARRLINA BOLDEN V. DALE CUNNINGHAM
ET AL

3:07-CV-000917
```